NITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                                           Plaintiff

v.                                                                        Criminal Action No. 3:22CR-84-RGJ

BRETT HANKISON                                                                                    Defendant

* * * * *

## MEMORANDUM OF CONFERENCE AND ORDER

An in-person status conference was held in this matter on September 14, 2022 before the Honorable Rebecca Grady Jennings, United States District Judge. The Court's official reporter was April Dowell. The following counsel participated in the status conference:

For the United States: Michael Songer, Anna Mary Gotfryd, Zachary Dembo

For the Defendant(s): Ibrahim A. Farag and Jack Byrd, Retained Counsel for Brett Hankison, who was present in person and on bond.

The Court and counsel discussed the procedural posture of the case. Counsel for the United States advised the Court on the first batch of discovery turned over to defense counsel that included a hard drive of approximately 65,000 documents and records, totaling more than 300,000 pages, as well as dozens of audio and video recordings and data from electronic devices, such as cell phone and GPS trackers. Counsel for the United States indicated that a second batch of discovery will be produced to defense counsel in approximately another month. Counsel jointly conferred prior to the hearing and advised the Court that they believed a trial date of August/September 2023 would be appropriate. Counsel for the defendant stated they may have experts and need the additional time to review the voluminous discovery. Counsel also stated that defendant signed a waiver of speedy trial and will tendered that to the Deputy Clerk at the

conclusion of this hearing to be filed in the record.  All Counsel agreed that they would like approximately two months to prepare a proposed trial/scheduling order for the reasons stated on the record.  Based on the discussion during the conference, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

(1) The **jury trial scheduled for October 13, 2022 is REMANDED** from the Court's docket.

(2) The Court has set aside the following dates for trial and a full trial/scheduling order will be entered later once the parties have tendered the proposal to the Court.  The **final pretrial conference will be July 18, 2023 at 11:00 a.m. and the jury trial date will be August 21, 2023 at 9:30 a.m. with the estimated length of trial of three weeks.**

(3) Counsel shall jointly file a proposed trial/scheduling order **on or before November 15, 2022.**

(4) The newly filed motion for *pro hac vice* by Jack Byrd will be signed by separate order.

(5) Pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv), the Court finds **the period of delay from September 14, 2022 until the start of trial is excludable in computing the time within which the trial must commence under the Speedy Trial Act**.  The Court also notes the Waiver of Speedy Trial filed and signed by the defendant at this hearing.  The Court further finds that the ends of justice served by this delay outweigh the best interests of the public and the defendants in a speedy trial because failure to grant such a continuance would deny counsel for Defendant and the United States the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  *See* § 3161(h)(7)(B)(iv); *Zedner v. United States*, 547 U.S. 489 (2006).  This continuance is not being

granted "because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." § 3161(h)(7)(C).

(6) **IT IS FINALLY ORDERED** that the Defendant shall be allowed to remain on bond pending further order of the Court with the following added conditions. The defendant was sworn to the added condition by the Deputy Clerk at the conclusion of the hearing.

> (s)- Report as soon as possible, to the pretrial office or supervising officer, every contact with law enforcement personnel, including arrest, questioning or traffic stops.

September 15, 2022

Rebecca Grady Jennings, District Judge
United States District Court

Copies to:   Counsel of record
             Probation Office

Court Time: 00/15
Court Reporter: April Dowell