UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                                                    Plaintiff

v.                                                                                    Criminal Action No. 3:22CR-84-RGJ

BRETT HANKISON                                                                                              Defendant

\* \* \* \* \*

**MEMORANDUM OF CONFERENCE AND THIRD AMENDED TRIAL ORDER**

An in-person status conference was held in this matter on May 17, 2023 before the Honorable Rebecca Grady Jennings, United States District Judge. The Court's official reporter was April Dowell. The following counsel participated in the status conference.

For the United States: Michael Songer and Anna Mary Gotfryd

For the Defendant(s): Ibrahim A. Farag, Jack Byrd and Wm. Stewart Mathews II, Retained Counsel for Brett Hankison, who was present in person and on bond.

The Court and counsel discussed the procedural posture of the case. The United States informed the Court that a final round of checking for additional discovery has been provided and nothing else other than a small amount may be produced. Counsel for the defendant stated that they are going through the 1.6 million documents and does anticipate some motions being filed. In addition, one motion will be filed for the jury to have a site visit of the scene. The defense will be ready to move forward to trial in October 2023. The Court then discussed the jury questionnaire process, and questionnaires will be sent to counsel two weeks before the final pretrial conference. The Court also discussed the potential of sending the first batch of questionnaires for strikes for cause to counsel. The Court will now schedule a final pretrial

conference and adjust some of the trial deadlines based on that pretrial date. Based on the discussion during the conference, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

(1) <u>Final Pretrial Conference</u>. This matter is assigned for a **final pretrial conference on September 27, 2023 at 1:30 p.m.** before Judge Rebecca Grady Jennings at the Gene Snyder United States Courthouse, Louisville, Kentucky.

(2) <u>Pretrial Discovery and Inspection</u>.

(a) If required to be disclosed pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) or 16(b)(1)(C), **any expert testimony** the United States or Defendant intends to use under Rule 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief, including a summary of the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications, shall be disclosed **on or before September 1, 2023.**

(b) Any expert testimony either the United States or Defendant intends to use to rebut an expert under Rule 702, 703, or 705 of the Federal Rules of Evidence shall be disclosed **on or before September 18, 2023.**

(c) The parties are reminded of the continuing duty under Federal Rule of Criminal Procedure 16(c) to disclose additional discoverable evidence or material previously requested or ordered.

(3) <u>Defensive Motions</u>.

(a) <u>Generally</u>. All motions shall comply with Local Rule 12.1. Defensive motions, including but not limited to motions to sever, and any other motion requiring a pretrial hearing, including any motion to exclude the testimony of an expert witness pursuant to *Daubert*

*v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), shall be filed **no later than September 13, 2023.**

   (b) <u>Motions to Suppress</u>. Paragraph 4(a) shall apply to motions to suppress evidence, except that the opposing memorandum of the United States with regard to such motions shall be filed no later than three (3) business days prior to the date of any suppression hearing, unless otherwise ordered. Motions to suppress shall comply with Local Rule 12.1, including, but not limited to Local Rule 12.1(a), which requires a motion state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it. Further, a motion to suppress must expressly identify the exact statement(s) and/or evidence sought to be suppressed. If a motion to suppress includes a request for an evidentiary hearing, the motion must expressly identify the factual issues in dispute. **MOTIONS TO SUPPRESS THAT FAIL TO COMPLY WITH THESE REQUIREMENTS WILL BE DENIED AS A MATTER OF COURSE.**

   (4) <u>Pretrial filings</u>. **No later than September 13, 2023**, each party shall file a trial memorandum containing the following:

    (a) The statute(s) involved and elements of the offense(s) (with discussion of authorities, if disputed).

    (b) A statement of undisputed and disputed facts.

    (c) A separate statement of each unresolved substantive issue of law, with discussion and citations to authorities.

    (d) A statement of evidentiary issues it is reasonably believed will be raised at trial, together with citations to the appropriate Federal Rules of Evidence and authorities in support of the position taken.

    (e) A statement of any known or reasonably anticipated potential trial problems, or other issues that may assist the Court in trying the case.

  (f)  Proposed substantive and special jury instructions with citations to authorities. It is not necessary to submit standard general instructions. Additional requests at trial are to be kept to a minimum.

  (g)  Proposed *voir dire* questions.

  (h)  Counsel shall file an exhibit list and premark for identification purposes all exhibits intended to be used at trial. Counsel shall file a stipulation as to the authenticity of the exhibits. Any objections to the authenticity of the exhibits shall be heard prior to trial at a time and place to be set by the Court.

  (i)  The United States shall submit, for the Court's *in camera* review, a proposed witness list with a brief summary of the expected testimony of each witness and an estimate as to the amount of time that will be required to present the testimony in chief of each witness. The witness list shall be submitted by e-mail to **Judge_Jennings_Chambers@kywd.uscourts.gov**.

  (j)  At the commencement of trial, the United States shall furnish the official court reporter a list of premarked exhibits intended to be used at trial.

  (k)  The United States shall retain possession of physical exhibits (e.g., weapons, ammunition, drugs, etc.) during and after the trial, pending further orders of the Court.

  (5)  <u>Motions *in Limine*</u>. Any **motions in limine,** including evidentiary objections to portions of audio/video tapes and/or depositions, shall be filed **on or before September 13, 2023**. **Responses** shall be filed **on or before September 22, 2023**. **Replies may be allowed after the pretrial conference**. To the extent available, the parties shall provide copies of transcripts of all audio/video tapes and deposition testimony being challenged. Objections shall be made specifically to page and line.

  (6)  <u>Compliance with Local Rules</u>. All motions, responses, and replies made pursuant to this Order shall conform to and are subject to the requirements and time limitations contained in Local Criminal Rule 12.1, except as otherwise provided herein.

**IT IS FURTHER ORDERED** that the defendant shall remain on his present bond pending further orders of the Court.

May 22, 2023

Rebecca Grady Jennings, District Judge
United States District Court

Copies to:   Counsel of record
             Probation Office

Court Time: 00/15
Court Reporter: April Dowell