UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA												Plaintiff

v.														Criminal Action No. 3:22-CR-84-RGJ

BRETT HANKISON													Defendant

**DEFENDANT'S MOTION FOR A SCENE VIEW
AND INCORPORATED MEMORANDUM
OF SUPPORT**

Comes now Defendant, Brett Hankison, by counsel, and respectfully moves this Court for entry of an Order allowing for a scene view of the location(s) where the underlying conduct at issue in this matter took place.  A Memorandum in Support of Defendant's Motion for a Scene View is incorporated hereto.

**INTRODUCTION**

(1) Defendant more specifically requests that the view consist of the following: the front and rear exterior of 3003 Springfield Drive Apartment 3; the front and rear exterior of 3003 Springfield Drive Apartment 4; the breezeway leading into both apartments; and the interior of both apartments.

(2) In the alternative, Defendant requests that the Court permit a view consisting of: the front and rear exterior of 3003 Springfield Drive Apartment 3; the front and rear exterior of 3003 Springfield Drive Apartment 4; and the breezeway leading into both apartments.

Defendant states as follows in support of his Motion for a Scene View: permitting a view of the scene is (a) the most effective way to accurately perceive the area that the conduct at issue

1

took place in; better comprehend the dimensions of the building which houses both of the dwellings, the spatial proximity between the dwellings, the temporal issues implicated by the facts, and how the testimony of various individuals corresponds to same; (b) the view won't impact the orderliness of the trial, is logistically feasible and does not pose any safety hazard, and; (c) the underlying facts/events merit a view of the scene.

## STATEMENT OF FACTS

On August 3, 2022, Defendant was federally indicted for two separate counts under 18 U.S.C. 242, alleging that while operating under color of law, he willfully deprived individuals of their constitutional rights while serving a search warrant at 3003 Springfield Drive, Apartment 4 on the night of March 12-13, 2020. *See Indictment*, **DN 1, Page ID. 1-4**. Officers were fired upon from inside of the apartment upon entry into the dwelling. *Id*. The indictment further alleges that two [former] LMPD officers immediately returned fire at the doorway, then Defendant moved from the doorway to the side of the apartment and discharged his firearm *Id*. More specifically, it's alleged that Defendant discharged his firearm after there was no longer a lawful objective, and in the process of doing so fired projectiles that entered 3003 Springfield Drive Apartments 3 and 4 (hereinafter referred to as "Apt. 3" and "Apt. 4" respectively). *Id*.

Defendant was indicted and tried by jury in state circuit court for the same conduct that gives rise to the action at issue. *Commonwealth of Kentucky v. Brett Hankison*, Case No: 20-CR-1473, Jefferson Circuit Court Division 13[1]. During the state proceeding, the jury was taken to visit the scene where the conduct at issue took place without incident. *Id.* The view lasted roughly twenty to thirty minutes and allowed jurors to see the front and rear exterior of Apt. 3 and Apt. 4, the breezeway that leads into both apartments, as well as the interior of both apartments. *Id*

---

[1] Defendant's state charges were expunged following the trial.

This matter is currently set for trial to start October 30, 2023, and is scheduled to last up to three weeks. **DN 35, Page ID. 105-106**. The United States has exchanged over one million items of evidence (consisting of documents, audio, video, media, etc.) and is expected to use two weeks for its case-in-chief and present a variety of physical evidence. *Id*. During the status conference held May 17, 2023, counsel for Defendant advised the Court that they would be filing this Motion. **DN 39, Page ID. 120**. According to Google Maps, the scene is roughly twenty minutes away from the Gene Snyder U.S. Courthouse and Custom house.

**LAW & ARGUMENT**

**I.     STANDARD OF REVIEW**

In the absence of any Federal Rule specifically addressing when a view of the scene is appropriate, federal circuits—including the Sixth Circuit—have held that "…[t]he trial court has discretion whether to permit a view of premises that are the subject of litigation." *Nw. Nat. Cas. Co. v. Glob. Moving & Storage Co.*, 533 F.2d 323 (6th Cir. 1976). *See also United States v. Crochiere*, 129 F.3d 233, 236 (1st Cir. 1997). More specifically, "[a] trial court's decision to allow or disallow a jury viewing of an alleged crime scene is highly discretionary." *United States v. Moonda*, 347 Fed.Appx. 192, 202 (6th Cir. 2009) (citing *United States v. Tripplett*, 195 F.3d 990, 999 (8th Cir. 1999).

**II.    FEDERAL JURISPRUDENCE FAVORS A SCENE VIEW**

Sixth Circuit precedent makes it clear that it is well within a trial court's discretion to grant a view of a crime scene provided the jury is explained in open court that: the purpose of a view is to enable them to have "a clear[er] idea" of the testimony that might be offered with regard to the premises at issue; the purpose is not to obtain evidence, but simply give them a better understanding of the evidence; the defendant(s) and their counsel are permitted to be present; that

3

no discussions may take place concerning the case in any way, and; the jury hears nothing more than what is necessary to identify the place(s). *Reid v. United States*, 276 F. 253 (6th Cir. 1921). This Motion is aimed toward assisting the trier of fact to better comprehend the testimony and evidence that may be presented by the prosecution.

      a) **View Will Provide a Better Understanding of the Evidence and the Spatial/Temporal Intricacies.**

Based upon the discovery provided the photographic evidence is voluminous, however, it only consists of individual segments of the various areas within the scene (e.g., parking lot, sidewalk panels, breezeway, individual exhibits, apartments, aerial diagrams, etc.). An in-person view will allow for a more comprehensive outlook of the entire scene by allowing one to accurately perceive the area the conduct at issue took place in; better comprehend the dimensions of the structure which houses both of the dwellings, the spatial proximity between the dwellings, the temporal issues implicated, and how the testimony and physical evidence corresponds to same.

Defendant opines that viewing the scene will provide a clearer comprehension of the testimony that may be offered in the form of numerous officers directly involved in the service of the underlying search warrant at issue, the dozens of officers that responded to the scene after shots were fired, possible expert witnesses and how their respective testimony corresponds to their actions and location(s) on the scene.

      b) **View of the Scene Will Not Impact the Orderliness of the Trial, be Misleading, Nor Present any Safety Hazards or Logistical Difficulties.**

In deciding whether to permit a view, "the court may consider such factors as the orderliness of the trial, whether the jury would be confused or misled, whether it would be time-consuming or logistically difficult, and whether cross-examination had been permitted regarding the details of the scene." *Crochiere*, 129 F.3d 233, 236 (1st Cir. 1997). It is also appropriate for

the Court to consider the feasibility of coordinating the view, along with any "logistical difficulties and safety hazards involved[.]" *Moonda*, 347 Fed.Appx. at 201-202.

The apartment site is roughly twenty minutes from the Gene Snyder U.S. Courthouse and Custom house. Defendant anticipates the viewing to last no more than twenty to thirty minutes. Arranging for a view of the scene should not take roughly an hour to effectuate—save the time it takes for the U.S. Marshall's to secure the scene. Accordingly, coordinating a view should not impact the orderliness of the trial nor be overly time-consuming. The successful coordination of a scene view during Defendant's state trial—at a time in which more national media attention and public scrutiny surrounded this matter—should serve to reassure the court that a view can be facilitated safely. However, Defendant understands and respects that the assessment and recommendations of the Court and U.S. Marshall(s) are what ultimately matter. *Moonda*, 347 Fed.Appx. at 201-202.

### c) The Underlying Facts Remain the Same.

In an analogous case in which the underlying building/structure at the scene to be viewed was altered following the conduct giving rise to the legal proceeding, but prior to the view of the scene, it was held that the view was appropriate despite the appearance of the site/structure being changed, as long as the relevant facts had not. *Nw. Nat'l Cas. Co.*, 533 F.2d at 323 (citing *Martin v. Gulf States Utilities Co.*, 344 F.2d 34, 37 (5th Cir. 1965) (emphasis added) (holding that the trial court did not abuse its discretion by **permitting the jury to view the scene of the accident even though the physical appearance had been substantially altered**).

Like *Martin*, to the extent that any alterations have been made to the scene, the underlying structure at issue remains intact (the complex 3003 Springfield Drive) and the underlying facts of this matter remain the same.

## CONCLUSION

Defendant respectfully requests the Court to grant his Motion for a Scene View as is within its discretion under Sixth Circuit Precedent. In further support of this request Defendant asserts that: (a) a view will help the jury more completely understand the evidence and testimony to be presented at trial; (b) the view will not impact the orderliness of the trial, is logistically feasible and does not pose any safety hazard, and; (c) the underlying facts/events merit a view of the scene.

        Respectfully submitted,

        /s/ Ibrahim Farag
        Ibrahim A. Farag
        FARAG LEGAL SERVICES, PLLC
        440 South 7th Street, Suite 200
        Louisville, Kentucky 40203
        (502) 587-0789
        Email: ifarag@faraglegal.com
        *Counsel for Defendant*

        **Jack Byrd**
        Law Offices of Jack Byrd, PLLC
        545 Mainstream Dr., Suite 420
        Nashville, TN 37228
        615-942-6366
        Email: jack@jackbyrdlaw.com
        *Counsel for Defendant*

        **Wm. Stewart Mathews II**
        Dolle & Mathews CO. LPA
        817 Main Street, Suite 500
        Cincinnati, OH 45202
        513-621-4849
        Email: wsmathews@msn.com
        *Counsel for Defendant*

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing was this 24th day of July 2023, served upon the following via the CM/ECF system and/or electronic mail and/or U.S. Mail:

**Michael Songer**
U.S. Department of Justice - Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
202-514-3204
Email: michael.songer@usdoj.gov
COUNSEL FOR PLAINTIFF

**Anna Mary Gotfryd**
U.S. Department of Justice
Criminal Section
950 Pennsylvania Avenue, NW
Washington, DC 20530
202-598-5764
Email: anna.gotfryd@usdoj.gov
COUNSEL FOR PLAINTIFF

/s/ Ibrahim A. Farag
FARAG LEGAL SERVICES, PLLC