UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | No.   3:22-CR-84-RGJ |
| ) | |
| ) | 18 U.S.C. § 242 |
| BRETT HANKISON,   ) | |
| ) | |
| Defendant.   ) | |

**UNITED STATES' SURREPLY OPPOSING THE DEFENDANT'S MOTION TO COMPEL AN INSPECTION OF BREONNA TAYLOR'S iPHONE**

The United States respectfully files this brief Surreply to address new arguments and false accusations raised for the first time in the defendant's Reply in support of his Motion to Compel an inspection of Breonna Taylor's iPhone, ECF No. 152.[1]

First, the defense asks the Court to excuse the untimeliness of their motion because, they claim, until June 2024 they were "erroneously led to believe that the FBI lacked the tools to extract data, when all along, the Government knew that the phone itself was compromised by law enforcement." ECF No. 152 at 5. This claim is incorrect. The Government told the defense in 2023 and again in 2024 that, although the FBI had tools to extract data from locked phones, these tools were not effective on Ms. Taylor's iPhone *because of the condition the phone was in when*

---

[1] The Court should consider these arguments forfeited, as they were not raised in the defendant's initial motion. *See, e.g.*, *United States v. Cadieux*, 846 F. App'x 389, 394 (6th Cir. 2021) (noting that the defendant "forfeited this argument by raising it for the first time in his reply") (citing *Island Creek Coal Co. v. Wilkerson*, 910 F.3d 254, 256 (6th Cir. 2018) ("Time, time, and time again, we have reminded litigants that we will treat an 'argument' as 'forfeited when it was not raised in the opening brief.'")).

1

*the FBI took custody of it from state authorities*. Consistent with these communications, the FBI report the Government provided to the defense in April 2023 states that, using "an FBI approved tool," the FBI examiner "made multiple attempts to obtain an extraction of [Ms. Taylor's] iPhone 11 Pro Max, none of which were successful." ECF No. 152-1 at 2.

The defense specifically alleges that the Government did not provide discovery about the failed efforts by state authorities to access Ms. Taylor's phone before the phone was in FBI custody. The Reply asserts that "the defense wasn't provided any discovery related to 'prior unsuccessful attempts to enter passcodes on the phone' *until the defense saw the Exhibits attached to the Government's Response*." ECF No. 152 at 4 (emphasis added). This claim too is false. Exhibit A to the Government's Response is a document showing that a forensic examiner working for the state—who is now the *defendant's own expert*, *Dr. Littrell*—may have compromised Ms. Taylor's phone by entering incorrect passcodes before the phone was taken into FBI custody. This document was provided to the defense in the first discovery production in this case on September 15, 2022.[2]

Next, the defense argues for the first time in their Reply that information on Ms. Taylor's phone is material because it could allow the defense to "correct the record" if a government witness "erroneously testifi[es] that [Ms. Taylor] was not actually involved in selling drugs." ECF No. 152 at 7. The Reply cites no evidence that Ms. Taylor—an emergency medical technician with no criminal record—was involved in drug dealing, nor does it advance any reason to think such evidence would be found on her phone. Moreover, the Reply fails to explain how the referenced trial testimony is "erroneous"; what evidence, beyond pure speculation, supports the defense's attacks on Ms. Taylor's character; or why, even if the baseless accusations against Ms. Taylor were

---

[2] The bates number corresponding to Exhibit A is US00000537 – US00000543.

true, character assassination of a dead victim would be relevant or admissible. The defendant's rank speculation furnishes no basis for a Rule 16 inspection. *See* ECF No. 151 at 12.

In fact, even if the defense had reason to believe that information supporting their character attacks would be found on Ms. Taylor's phone—which they do not—any information on Ms. Taylor's phone is immaterial to this case because it was not known to the defendant or the other officers on scene at the time of the shooting. As in the first trial of this case, the Government intends to elicit only information about Ms. Taylor that was known to the defendant and the other officers on scene at the time of the shooting. *See* Jury Instr., Tr. Vol. 10 at 148 (The assessment of the defendant's shooting must be based on "facts and circumstances" known to officers "on the scene at the moment that force was used.").[3] Any other evidence of Ms. Taylor's alleged crimes or other purported bad acts would be improper character evidence that is inadmissible under Federal Rules of Evidence 404 and 405. Accordingly, even if information about drug dealing or other bad acts were somehow on Ms. Taylor's phone, it would not be admissible—and it cannot satisfy Rule 16's materiality requirement. *See, e.g.*, *United States v. Young*, 553 F. App'x 585, 589 (6th Cir. 2014) (Information is material for purposes of Rule 16 only if it would "alter the quantum of proof in [the defendant]'s favor" at trial.).

The Reply further speculates that applications that could be on Ms. Taylor's phone like Signal and WhatsApp might show that, in the 15 minutes before police entered Ms. Taylor's home, she may have received advance warning that the police were coming from the targets of other

---

[3] The citations to trial testimony in the defense Reply, ECF No. 152 at 7, involve questioning of Detective M.C., one of the officers on scene at the time of the shooting, about whether he "personally" had any knowledge of Ms. Taylor being involved in criminal activity *at the time of the shooting*.

3

warrants executed that night. This claim is a red herring. Although there is no evidence that Ms. Taylor had any contact with targets of the other warrants prior to police arriving at her home, the Government *agreed 18 months ago* to provide the defense with all information that can be extracted from Ms. Taylor's iPhone during the 15-minute period before the defendant's shooting. *See* ECF No. 151 at 5. The FBI has made multiple attempts to extract this information, and the Government provided reports of these attempts to the defense in April 2023 and July 2024. This issue is not in dispute and does not require a hearing. The defendant's "advance warning" theory does make any *other* information on Ms. Taylor's phone (from outside the 15-minute period preceding the shooting) material to this case. Consequently, the defense speculation about "advance warning," even if credited, furnishes no basis to inspect Ms. Taylor's phone under Rule 16.

Finally, the Reply fails to identify any tool that could safely and successfully extract information from Ms. Taylor's phone. Instead, the defense again states that they intend to use "commercially available software," ECF No. 152 at 2, which the FBI has already determined is ineffective on this particular phone. The Reply nonetheless contends that the defense must be allowed to test the phone for themselves (using their unvalidated external hardware and their expert who may have compromised it in the first instance) because "the Government has repeatedly misled the defense" and "withheld evidence of law enforcement misconduct for years." *Id*. at 7. These inflammatory allegations are baseless. As explained above, contrary to the false statements in the defendant's Reply, the Government timely provided the defense with all relevant information about the condition of the phone and efforts to access it.

In sum, even though information on Ms. Taylor's phone is not material to this case, the Government has made multiple attempts to extract data from the phone and has repeatedly offered

to allow the defense to speak with FBI forensic investigators about their extraction efforts and to suggest alternative ways to extract data from the phone. The defense ignored these offers and instead filed the instant motion. The defense request to conduct their own analysis of Ms. Taylor's iPhone is untimely, fails to identify any material information on the phone, and would risk further compromising the phone's integrity. For those reasons, the United States respectfully asks the Court to deny the Motion to Compel, ECF No. 150.

Respectfully submitted,

KRISTEN CLARKE
Assistant Attorney General


/s Michael J. Songer
Michael J. Songer
Special Litigation Counsel
Criminal Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 514-3204
Michael.Songer@usdoj.gov

/s Anna Gotfryd
Anna Gotfryd
Trial Attorney
Criminal Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 514-3204
Anna.Gotfryd@usdoj.gov

Authority Conferred by 28 U.S.C. § 515

## CERTIFICATE OF SERVICE

  I hereby certify that, on August 1, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a Notice of Electronic Filing to all parties.

*s/ Michael J. Songer*
Michael J. Songer
Civil Rights Division
