UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA Plaintiff

v. Criminal Action No. 3:22-cr-84-RGJ

BRETT HANKISON Defendant

* * * * *

**MEMORANDUM OPINION**

Defendant Brett Hankison is charged with two counts of deprivation of rights under color of law. *See* 18 U.S.C. § 242. The indictment alleges that Hankison, while executing a search warrant, "shot[] through a window and a sliding glass door, both of which were covered with blinds and curtains." [DE 1 at 2]. Trial began October 15, 2024. [DE 193].

The United States moved prior to trial to introduce Rule 404(b) evidence of prior "bad acts" [DE 155]. Hankison responded [DE 176] and submitted an additional brief after this matter's final pretrial conference [DE 182]. The Court ruled that evidence of Hankison's prior acts could become admissible at trial depending on a variety of factors. However, the Court found that it did not have enough information in the written motion and responses to make that determination. As a result, the Court DENIED the motion [DE 155] without prejudice [DE 189]. The Court instructed that "[i]n order to admit this evidence, the Court would need a proffer of evidence outside the presence of the jury surrounding the two prior incidents to ensure the United States can meet its burden to show, as discussed, that the two prior incidents occurred, are substantially similar to Hankison's charged conduct, and are relevant in that the force used in the two prior incidents was excessive." [DE 189 at 8889]. Per the Court's instructions, the United States proffered its Rule

404(b) evidence of Hankison's prior acts on October 18, 2024. [DE 197]. For the following reasons, the Court excludes that evidence. [DE 200 at 9288].

## I. BACKGROUND

The United States moved in limine to introduce Rule 404(b) evidence of Hankison's other "bad acts." [DE 155]. Specifically, the United States asserted that Hankison (1) ignored LMPD procedures and training by rushing between SWAT officers and a suspect in execution of a 2016 search warrant, risking a "crossfire," and (2) ignored training and protocol, "aggressively enter[ing] the scene" of a 2017 search warrant execution by "sp[eeding] the wrong way down Dixie Highway in his police vehicle" "with his gun pointed of his open car window," exposing a covert SWAT operation and its officers. [*Id.* at 5627–29].

Two officers testified at the proffer: Brent Routzahn and Tom Schardein. [DE 221 at 10573, 10660]. During the relevant period, Routzahn was a SWAT commander; Schardein supervised Hankison. [DE 221 at 10575–76; 10662]. In both the 2016 incident and the 2017 incident, Hankison was a non-SWAT officer at the scene of a SWAT operation. [*See* DE 221 at 10588–89]. According to Routzahn, at the 2016 incident, Hankison "r[an] around with his weapon out" and muzzled another officer, risking crossfire. [DE 221 at 10592–93]. At the 2017 incident, Hankison pointed his weapon out the window of his vehicle and stopped another vehicle on-scene, interfering with SWAT operations and again risking crossfire. [DE 221 at 10598–601]. Routzahn testified that in both instances, he addressed Hankison's actions with one of Hankison's supervisors. [DE 221 at 10594, 10603–04]. In one instance, that supervisor was Schardein; he relayed the criticism to Hankison. [DE 221 at 10670–73].

## II. STANDARD

While evidence of other bad acts "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," such

evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). Before admitting evidence under Rule 404(b), the Court must (1) find "sufficient evidence that the 'other acts' took place," (2) find that "those 'other acts' are admissible for a proper purpose," and (3) determine that the evidence is not "more prejudicial than probative." *United States v. Lattner*, 385 F.3d 947, 955 (6th Cir. 2004); *see also* Fed. R. Evid. 104(a).

"[A]ll evidence . . . must meet the minimal standards of relevancy articulated in Federal Rules of Evidence 401 and 403." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 297 (6th Cir. 2007); *see also United States v. Gibbs*, 797 F.3d 416, 421 (6th Cir. 2015) (discussing Rule 404(b) evidence). "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## III. DISCUSSION

The United States has presented sufficient evidence at Rule 404(b)'s first step that Hankison's prior acts occurred. [*See* DE 200 at 9288]. However, the United States has not established at Rule 404(b)'s second step that the evidence is admissible for a proper purpose. *See Lattner*, 385 F.3d at 955. Furthermore, even if the evidence was admissible, its probative value would be substantially outweighed by the risks of jury confusion and delay. *See* Fed. R. Evid. 403.

### A. The Evidence's Purpose

At the second step of Rule 404(b) analysis, the Court must determine whether the evidence is admissible for a legitimate non-propensity purpose. *United States v. Bell*, 516 F.3d 432, 441–42 (6th Cir. 2008); *see also Huddleston v. United States*, 485 U.S. 681, 686 (1988). "Evidence of other acts is probative of a material issue other than character if (1) the evidence is offered for an

admissible purpose, (2) the purpose for which the evidence is offered is material or 'in issue,' and (3) the evidence is probative with regard to the purpose for which it is offered." *United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir. 2003) (quoting *United States v. Haywood*, 280 F.3d 715, 720 (6th Cir. 2002)). Here, the United States argues that its evidence is probative of Hankison's "motive and intent" to improperly insert himself into the middle of police operations. [DE 221 at 10686, 10694]. That is a valid non-propensity purpose. *See Huddleston*, 485 U.S. at 686. And because this is a use of force case under 18 U.S.C. § 242, Hankison's intent is "material and automatically at issue." *United States v. Mize*, 498 F. Supp. 3d 978, 983 (S.D. Ohio 2020); *see also Lattner*, 385 F.3d at 957; *United States v. Merriweather*, 78 F.3d 1070, 1076 (6th Cir. 1996).

The remaining question is whether Hankison's prior acts are "substantially similar" enough to be probative of his intent regarding the charged offenses. *See United States v. Hardy*, 643 F.3d 143, 151 (6th Cir. 2011). As the Court noted before the United States' proffer, "the United States would need to . . . demonstrate how the force used in the two prior incidents was excessive, if there was a common policy or procedure ignored," and ultimately, "how the prior incidents are substantially similar" to Hankison's charged conduct. [DE 189 at 8888].

Hankison is charged with "fir[ing] . . . shots through a window and a sliding glass door . . . ." [DE 1 at 2]. He did not fire a weapon in either prior act at issue here. [DE 221 at 10613]. In fact, as Hankison argued on October 18, neither instance involved any use of force on his part. [DE 221 at 10695]. During its proffer, the United States cited *United States v. Woodlee*, 136 F.3d 1399 (10th Cir. 1998), for the proposition that in hate crime prosecutions, federal courts regularly permit evidence of "less aggravated instances" which show a common motive with the charged conduct. [DE 221 at 10688]. However, like the United States' use of force precedents which the Court previously distinguished [*see* DE 189 at 8887–88], *Woodlee* does not resemble this case.

That case involved multiple defendants, and while one did fire a weapon at the victims, it was another defendant who faced Rule 404(b) evidence at trial. *See Woodlee*, 136 F.3d at 1404. Hankison's prior acts and charged conduct simply do not involve comparable uses of force.

On October 18, Routzahn testified that both of Hankison's prior acts violated LMPD's de-escalation policy. [DE 221 at 10584–85, 10605]. The issue in those instances was that Hankison unexpectedly interjected himself into SWAT operations. [*See* DE 221 at 10686]. By contrast, Hankison was meant to participate in the police operation underlying this case. [*See* DE 221 at 10699–700]. He stands charged for his actual gunfire. [*See* DE 1]. LMPD's policies regarding deadly force, target identification, and target isolation—not de-escalation tactics—underly this case. [*See* DE 221 at 10577–80, 10582–83].

In short, Hankison's prior acts and charged conduct do not involve similar uses of force or similar violations of LMPD policy. The prior acts are not substantially similar to the charged conduct. *See Hardy*, 643 F.3d at 151. Because the prior acts are not probative of Hankison's motive or intent on the night in question, the United States' proffered evidence fails at the second step of Rule 404(b) analysis. [*See* DE 200 at 9288–89].

**B. The Evidence's Risks**

The Court may exclude otherwise admissible evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also Surles*, 474 F.3d at 297. Here, even if the United States' evidence was admissible under Rule 404(b), presenting it to the jury would require dedicating unwarranted time and attention to litigation over Hankison's prior acts. The circumstances surrounding Hankison's actions in 2016 and 2017—specifically, how he was briefed before the SWAT operations and counseled after his own actions—remain unclear from the testimony and highly contested. [*See* DE 221 at 145–46,

148, 150–53; *see also* DE 200 at 9289]. There is a substantial risk that presenting this evidence will both confuse the jury and cause undue delay at trial. Allowing the United States to present evidence concerning Hankison's actions in 2016 and 2017 "creates a real risk of spawning a series of 'mini-trials,' as [Hankison] will likely feel compelled to present [his] views as to what happened on those other occasions." *United States v. Zastrow*, No. 23-CR-20100, 2024 WL 3498772, at *3 (E.D. Mich. July 22, 2024) (excluding Rule 404(b) evidence because of risks associated with "mini-trials"). The dangers of "confusing the issues, misleading the jury, undue delay" and "wasting time" substantially outweigh the probative value of the United States' prior acts evidence. *Cf. Underhill v. Coleman Co., Inc.*, 54 F. Supp. 3d 983, 988 (S.D. Ill. 2014).

## IV. CONCLUSION

For the foregoing reasons, the Court excludes from trial the United States' Rule 404(b) evidence of Hankison's other bad acts. [DE 200 at 9288].

Rebecca Grady Jennings, District Judge
United States District Court

October 30, 2024