FILED

JAMES J. VILT JR., CLERK
U.S. DISTRICT COURT
W/D OF KENTUCKY

Date: _____ Oct 30, 2024 _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                    Plaintiff

v.                                          Criminal Action No. 3:22-cr-84-RGJ

BRETT HANKISON                                             Defendant

**JURY INSTRUCTIONS**

1

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.  I will start by explaining your duties and the general rules that apply in every criminal case.   Then I will explain the elements, or parts, of the crimes that the defendant is accused of committing. Then I will explain some rules that you must use in evaluating testimony and evidence.  And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## JURORS' DUTIES

You have two main duties as jurors.  Your first duty is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions I give you, even if you personally disagree with them.  This includes the instructions I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.

Perform these duties fairly.  Do not let any bias, sympathy, fear, or prejudice you may feel influence your decision in any way.

**PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT**

As you know, the defendant has pleaded not guilty to the crimes charged in the indictment. The indictment is not evidence of guilt.  It is just the formal way the government tells the defendant what crimes he is accused of committing.  It does not raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes he is innocent.  This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent.  It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish.  You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crimes charged beyond a reasonable doubt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  Possible doubts or doubts based purely on speculation are not reasonable doubts.  A reasonable doubt is a doubt based on reason and common sense.  It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.  If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

## DEFINITION OF THE CRIME

### Introduction

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of each of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged against him in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the government has proved the defendant guilty.  Do not let the possible guilt of others influence your decision in any way.

## SEPARATE CONSIDERATION

## Single Defendant Charged with Multiple Crimes

The defendant has been charged with two crimes.  The number of charges is not evidence of guilt, and this should not influence your decision in any way.

It is your duty to separately consider the evidence that relates to each charge, and to return a separate unanimous verdict for each one.  For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on the other charge.

## DEFINITION OF THE CRIME

### COUNT 1: Elements of 18 U.S.C. § 242 Deprivation of Rights Under Color of Law

Count 1 charges that on or about March 13, 2020, in the Western District of Kentucky, Brett Hankison, while acting under color of law, willfully deprived Breonna Taylor of the right, secured and protected by the Constitution and laws of the United States, to be free from unreasonable seizures. Specially, during a seizure of Breonna Taylor by officers executing a search warrant, Brett Hankison fired five shots through a bedroom (Ju'Niyah Palmer's) window.

For you to find the defendant guilty of the crime charged in Count 1, Deprivation of Rights Under Color of Law, you must find that the government has proven each of the following four elements beyond a reasonable doubt:

First:      That the defendant acted under color of law. The parties have stipulated that the Defendant was acting under color of law on March 13, 2020;

Second:      That the defendant deprived a living victim, Breonna Taylor, of a Constitutional right, in this case, the right to be free from unreasonable seizures, which includes the right to be free from a police officer's use of unreasonable force;

Third:      That the defendant acted willfully; and

Fourth:      That the offense involved either (1) the use of a dangerous weapon or (2) an attempt to kill.

The parties have stipulated that the Defendant was acting under color of law on March 13, 2020. As a result, you are instructed to find that the government has met its burden on this element. If you are convinced beyond a reasonable doubt that the government has proved all the

remaining elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

**COUNT 2: Elements of 18 U.S.C. § 242 Deprivation of Rights Under Color of Law**

Count 2 charges that on or about March 13, 2020, in the Western District of Kentucky, Brett Hankison, while acting under color of law, willfully deprived Chelsey Napper, Cody Etherton, or Chelsey's son, Zayden, of the right, secured and protected by the Constitution and laws of the United States, to be free from the deprivation of liberty without due process of law, which includes the right to be free from an officer's use of unjustified force that shocks the conscience. Specifically, Brett Hankison fired five bullets into the living room of Apartment 4 through a sliding glass door. Multiple bullets traveled through the wall of Apartment 4 and into Apartment 3, where Chelsey Napper, Cody Etherton, and Chelsey's son, Zayden, were present.

For you to find the defendant guilty of the crime charged in Count 2, Deprivation of Rights Under Color of Law, you must find that the government has proven each of the following four elements beyond a reasonable doubt:

First:     That the defendant acted under color of law.  The parties have stipulated that the Defendant was acting under color of law on March 13, 2020;

Second:    That the defendant deprived a living victim, Chelsey Napper, Cody Etherton, or Chelsey's son, Zayden, of a Constitutional right, in this case, the right to be free from the deprivation of liberty without due process of law, which includes the right to be free from a police officer's use of unjustified force that shocks the conscience;

Third:     That the defendant acted willfully; and

Fourth:    That the offense involved either (1) the use of a dangerous weapon or (2) an attempt to kill.

The parties have stipulated that the Defendant was acting under color of law on March 13, 2020. As a result, you are instructed to find that the government has met its burden on this element. If you are convinced beyond a reasonable doubt that the government has proved all the remaining elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

## SECOND ELEMENT, COUNT 1:

### Deprivation of a Federal Right

For Count 1, the second element the government must prove is that the defendant deprived a person present in the United States of a right secured or protected by the Constitution or laws of the United States.  Count 1 alleges that the defendant deprived Breonna Taylor of her right to be free from unreasonable seizures by a law enforcement officer.  This right, which the United States Constitution guarantees to everyone in this country, includes the right to be free from the use of unreasonable force by a police officer during a seizure.

A seizure occurs if a law enforcement officer intentionally restrains someone's freedom of movement or liberty either by force or by a show of authority, and it includes restraining someone by firing a weapon at them.

A law enforcement officer's use of force violates the Fourth Amendment if it is objectively unreasonable.  Unreasonable force is force that exceeds the objective needed to use such force.  A law enforcement officer may use force to effectuate an arrest, prevent a suspect from escaping custody, or to defend himself or another from bodily harm.   However, that officer may not use more force than is reasonably necessary to accomplish these goals.

In addition, even when it is objectively reasonable for an officer to use *some* force to take a person into custody or prevent that person from escaping, it still may not be reasonable to use deadly force.  A police officer may use deadly force when that force is reasonably necessary to protect himself or someone else from an imminent threat of death or serious bodily harm.  Remember, the overall touchstone of whether deadly force is justified under the Constitution is whether that force was objectively reasonable under the circumstances.

11

To determine whether any force used by the defendant was objectively reasonable, you should consider all of the facts and circumstances as they would be viewed by an ordinary and reasonable officer on the scene at the moment that force was used.  In making your determination, you may consider the amount of force used, any effort made by the defendant to temper or to limit the amount of force used, the threat reasonably perceived by the defendant, the duration of the incident, and the extent, if any, to which Breonna Taylor was physically resisting arrest or attempting to flee at the time the force was used.

Force must be objectively reasonable at the time it was used.    In determining whether the force used was reasonable under all the facts and circumstances, keep in mind that force that is objectively reasonable at the beginning of an encounter may *not* be justified – even seconds later – if the objective justification for the initial use of force has been eliminated.  It is also possible for a mistaken belief to be reasonable under the facts and circumstances.

## SECOND ELEMENT, COUNT 2:

### Deprivation of a Federal Right

For Count 2, like for Count 1, the second element the government must prove is that the defendant deprived a person present in the United States of a right secured or protected by the Constitution or laws of the United States.  But for Count 2, the right involved is different.  Count 2 alleges that the defendant deprived Chelsey Napper, Cody Etherton, or Chelsey's son, Zayden, of the right to be free from deprivation of liberty without due process, which includes the right to be free from a police officer's use of unjustified force that shocks the conscience.

To rise to the level of a constitutional violation, an officer's conduct must be egregious and outrageous enough to shock the conscience.  A law enforcement officer's use of force may shock the conscience if it is motivated by an intent to harm, punish, or retaliate against suspects in a manner that is unrelated to a legitimate law enforcement purpose.

Count 2 charges that the defendant deprived Chelsey Napper, Cody Etherton, or Chelsey's son, Zayden, of a right secured by the Constitution.  However, the government does not have to prove that the defendant deprived all three of them of their constitutional rights; proof beyond a reasonable doubt that the defendant deprived any one of them of a constitutional right is enough to prove this element.

But, in order to return a guilty verdict for Count 2, all twelve of you must agree that the defendant deprived the same person of a Constitutional right.  In other words, all of you must agree that the government proved beyond a reasonable doubt that the defendant deprived Chelsey Napper of a constitutional right; or, all of you must agree that the government proved beyond a reasonable doubt that the defendant deprived Cody Etherton of a constitutional right; or all of

13

you must agree that the government proved beyond a reasonable doubt that the defendant deprived Chelsey's son, Zayden, of a constitutional right. If all of you unanimously agree that the government has proven that the defendant deprived one, two, or all three of those people of a constitutional right, then this element has been satisfied.

## THIRD ELEMENT, COUNTS 1 AND 2:

### Willfully

For Counts 1 and 2, the third element that the government must prove with respect to each count is that the defendant acted willfully.  A person acts willfully if he acts voluntarily and intentionally with the specific intent to do something the law forbids.  In this case, it means that the defendant used force knowing that the force he used was unjustified.

To find that the defendant acted willfully, it is not necessary for you to find that the defendant knew that he was violating a specific law or constitutional provision. You may find that a defendant acted willfully even if you find that he had no real familiarity with the Constitution or with the particular constitutional right involved. You must, however, find that the defendant intended to do that which the Constitution forbids—in this case, that he intended to use more force than was reasonable under the circumstances.

A person's state of mind can often be proven only by circumstantial evidence, since no one can read another person's mind and tell exactly what that person is thinking.  In determining whether the defendant acted willfully, you may consider all surrounding circumstances, including (but not limited to): the manner in which any constitutional violation was carried out; the duration of any constitutional violation; anything the defendant said; anything the defendant did or failed to do; and how the defendant acted before, during, and after the incident. In determining the defendant's state of mind, you may also consider whether the defendant had been trained, and whether his actions were consistent or inconsistent with that training.

15

## FOURTH ELEMENT, COUNTS 1 AND 2:

### Dangerous Weapon or Attempt to Kill

The final element that the government must prove with respect to each count is that the offense involved the use of a dangerous weapon or an attempt to kill. Counts 1 and 2 charge both that the offense involved the use of a dangerous weapon and that the offense involved an attempt to kill. However, the government does not have to prove both of these things; for each count, proof beyond a reasonable doubt of either one of these factors is enough to prove this element.

But, in order to return a guilty verdict for a particular count, all twelve of you must agree that the same factor has been proved for that count. In other words, all of you must agree that the government proved beyond a reasonable doubt that the offense charged in that count involved the use of a dangerous weapon; or, all of you must agree that the government proved beyond a reasonable doubt that the offense charged in that count involved an attempt to kill. If all of you unanimously agree that the government has proven one or both of these factors beyond a reasonable doubt, then this element has been satisfied.

A "dangerous weapon" is any instrument capable of inflicting death or serious bodily injury, including extreme physical pain. The weapon need not *actually* cause any injury, as long as it is used in a manner capable of inflicting serious bodily injury or death.

To find that the offense involved an "attempt to kill," you must be convinced that the government has proved both of the following factors beyond a reasonable doubt:

(A) First, that the defendant intended to kill a person; and

(B) Second, that the defendant did some overt act that was a substantial step towards killing a person.

16

Merely preparing to commit a crime is not a substantial step.  The defendant's conduct must go beyond mere preparation and must strongly confirm that he intended to kill a person.  But the government does not have to prove that the defendant did everything except the last act necessary to complete the crime.  A substantial step beyond mere preparation is enough.

## EVIDENTIARY MATTERS

### Introduction

That concludes the part of my instructions explaining the elements of the crimes. Next, I will explain rules that you must use in considering of the testimony and evidence.

## EVIDENCE DEFINED

You must make your decision based only on the evidence you saw and heard here in court. Do not let rumors, suspicions, or anything else you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, and the exhibits that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed.  Any inferences you make must be reasonable and must be based on the evidence in the case.

The existence of an inference does not change or shift the burden of proof from the government to the defendant.  The burden of proof remains on the government.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Direct evidence is simply evidence, like the testimony of an eyewitness, that directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**STIPULATIONS**

The government and the defendant have agreed, or stipulated, to certain facts. These facts are to be considered by you as proven true.

## CREDIBILITY OF WITNESSES

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(1) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(2) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(3) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(4) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(5) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(6) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(7) And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe a witness's testimony was contradicted by other evidence, remember people sometimes forget things, and even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

**NUMBER OF WITNESSES**

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified for a given party makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the number of witnesses.

## LAWYERS' OBJECTIONS

The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence, as I have defined it, which you saw and heard here in court.

## INFERRING REQUIRED MENTAL STATE

I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant willingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## LIMITING INSTRUCTION REGARDING POLICIES AND TRAINING

The government has introduced evidence of policies and training the defendant received at the Louisville Metropolitan Police Department.  This evidence has been admitted for a limited purpose.  You may use it only to determine whether the defendant acted willfully, as I have just described that state of mind to you.

It is, of course, wholly up to you to determine whether the defendant violated any rule or acted in contravention of his training.  If you find that he acted in contravention of policies or training, then I caution you that not every instance of inappropriate behavior on the part of a government employee rises to the level of a federal constitutional violation.  It is possible for a government employee to violate department policy or act contrary to his training without violating the United States Constitution, just as it is possible for a government employee to violate the Constitution without violating a specific policy.  For this reason, proof that a defendant violated policy or acted contrary to training is relevant to your determination of willfulness, but is not relevant to your determination that the defendant violated a victim's constitutional rights.

In other words, if you determine that the defendant violated a policy of the Louisville Metropolitan Police Department or acted contrary to his training, you should consider that evidence only in determining whether the defendant acted willfully; you should not consider that evidence in determining whether the defendant's actions violated the Constitution in the first instance.

28

**DEFENDANT'S TESTIMONY**

You have heard the defendant testify.  Earlier, I talked to you about the "credibility" or the "believability" of the witnesses and I suggested some things for you to consider in evaluating each witnesses' testimony.

You should consider those same things in evaluating the defendant's testimony.

### A WITNESS TESTIFYING TO BOTH FACTS AND OPINIONS

You have heard the testimony of Myles Cosgrove, Michael Campbell, Brandon Hogan, Paul Humphrey, Dale Massey, Jon Mattingly, Michael Nobles, Brent Routzahn, and Jason Vance who testified to both facts and opinions.  Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept these witnesses' opinions.  In deciding how much weight to give it, you should consider the witness's qualifications and how he or she reached their conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

**OPINION TESTIMONY**

You have heard the testimony of James Borden and Michael Van Arsdale who testified as opinion witnesses.

You do not have to accept the witness's opinion.  In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions.  Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## DELIBERATIONS AND VERDICT

### Introduction

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court.

Once you start deliberating, do not talk to the Court Security Officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the Court Security Officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages.  Do not ever write down or tell anyone, including me, how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should stay secret until you are finished.

### RESEARCH, INVESTIGATION, AND OUTSIDE COMMUNICATIONS

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, LinkedIn, YouTube or X (formerly known as Twitter), to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the Internet or available through social media might be wrong, incomplete, or inaccurate.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the judicial process.  A

juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

**UNANIMOUS VERDICT**

Your verdict, on each count, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict on each count must be unanimous.

## DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that—your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So, you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

**JUROR NOTES**

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

**PUNISHMENT**

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

## VERDICT FORM

When you go to the jury room, you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

I have prepared a verdict form that you should use to record your verdict.

You will take the verdict form to the jury room when you have reached unanimous agreement. You will have your foreperson fill in the verdict form, date and sign it, and notify the Court Security Officer.

**COURT HAS NO OPINION**

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.