UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                              **Plaintiff**

v.                                                      Criminal Action No. 3:22-CR-84-RGJ

BRETT HANKISON                                                        Defendant

---

## DEFENDANT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY

---

Comes now Defendant, Brett Hankison, by counsel, and respectfully moves this Court for entry of an Order granting leave of court for Defendant to file supplemental authority in relation to his Motion for New Trial. ECF No. 254. A Memorandum in Support of Defendant's Motion for Leave is incorporate hereto.

The Local Rules of Criminal Practice in the Western District of Kentucky are silent as to the practice and/or procedure for offering supplemental authority discovered after a party's brief has been filed on pending motions. However, under the Sixth Circuit Rules of Appellate Procedure such a filing is appropriate provided the authorities offered are pertinent and significant, and offered before a decision:

> **(j) Citation of Supplemental Authorities.** If pertinent and significant authorities come to a party's attention after the party's brief has been filed--or after oral argument but before decision--a party may promptly advise the circuit clerk by letter, with a copy to all other parties, setting forth the citations. The letter must state the reasons for the supplemental citations, referring either to the page of the brief or to a point argued orally. The body of the letter must not exceed 350 words. Any response must be made promptly and must be similarly limited.

Fed. R. App. P. 28(j).

1

The supplemental authority Defendant would like to bring to the Court's attention is *United States v. Acosta*, 924 F.3d 288 (6th Cir. 2019) (attached hereto as (**Exhibit** "1")). This case is pertinent and significant to the motion at issue because it is controlling, published Sixth Circuit authority in which it was held that a prosecutor's improper vouching and/or bolstering, improper attacks on defense witnesses' credibility, and improper comments during cross-examination and closing arguments amounted to flagrant prosecutorial misconduct, which rose to the level of plain error warranting a new trial for the defendant. *Id*. All of the aforementioned bases behind the Sixth Circuit's ruling in *Acosta*, are precisely the arguments/issues raised in Defendant's Motion for New Trial. ECF No. 254, pp. 9-23. [1]

Respectfully submitted,

/s/ Ibrahim Farag
Ibrahim A. Farag
FARAG LEGAL SERVICES, PLLC
4010 Dupont Cir. Suite 309
Louisville, Kentucky 40207
(502) 576-9979
Email: ifarag@faraglegal.com
*Counsel for Defendant*

---

[1] There is case law generally outlining that similar motions "when utilized for the purpose of supplementing argument on pending motions, should be used sparingly and for new, controlling case law not for recently discovered case law, nor for arguments which the parties did not think to make in their pleadings." *Gen. Elec. Co. v. Latin Am. Imports, S.A*., 187 F. Supp. 2d 749, 752 (W.D. Ky. 2001). However, courts in the Western District, including this Court have exercised latitude in determining when to grant such motions. *See Renaissance/The Park, LLC v. Cincinnati Ins. Co.,* No. 3:20-CV-864-RGJ, 2021 WL 4429796, at *10 (W.D. Ky. Sept. 27, 2021) (granting leave for plaintiff's motion for leave to file nonbinding/controlling authorities, including several published prior to the date of the plaintiff's brief).

Similar to the aforementioned case, the supplemental authority referenced herein is not designed to broaden or incorporate new arguments to those already presented in Defendant's Motion for New Trial. Although *Acosta* is not recently published, it is a recent application of the factors contemplated in *United States v. Carter*, and *United States v. Carroll* for determining whether flagrant prosecutorial misconduct has occurred and merits a new trial. *Carter*, 236 F.3d 777 (6th Cir. 2001); *Carroll*, 26 F.3d 1380 (6th Cir. 1994). Moreover, the arguments in Defendant's Motion for New Trial are identical to those raised in *Acosta*. ECF No. 254, pp. 9-23; *Acosta* 924 F.3d 288.

*/s/* Jack Byrd
Jack Byrd
Law Offices of Jack Byrd, PLLC
545 Mainstream Drive
Suite 420
Nashville, TN 37228
Office: (615) 942-6366
E-mail: jack@jackbyrdlaw.com
*Counsel for Defendant*

*/s/* Donald J. Malarcik
Donald J. Malarcik
121 South Main Street, Suite 520
Akron, Ohio 44308
T: (330) 253-0785
F: (330) 253-7432
E-mail: don@ohiodefensefirm.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing was this 3rd day of February 2025, served upon the following via the CM/ECF system and/or electronic mail and/or U.S. Mail:

**Michael Songer**
U.S. Department of Justice - Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
202-514-3204
Email: michael.songer@usdoj.gov
COUNSEL FOR PLAINTIFF

**Anna Mary Gotfryd**
U.S. Department of Justice
Criminal Section
950 Pennsylvania Avenue, NW
Washington, DC 20530
202-598-5764
Email: anna.gotfryd@usdoj.gov
COUNSEL FOR PLAINTIFF

/s/ Ibrahim A. Farag
FARAG LEGAL SERVICES, PLLC